SMALLWOOD, JUDGE:
James Guy Carr appeals from a Judgment and Final Sentence of Imprisonment rendered by the Fayette Circuit Court. Carr argues that the trial court erred in denying his motion to suppress evidence obtained during a traffic stop. For the reasons stated below, we find no error and AFFIRM the Judgment on appeal.
On the evening of September 16, 2016, Carr was operating a motor vehicle on New Circle Road in Lexington, Kentucky. Lucinda Eaton was a front seat passenger in the vehicle. Kentucky State Trooper Trevor Harris was on patrol that evening and observed Carr's vehicle weaving in the slow lane. He then observed the vehicle move twice from the driving lane to the shoulder and back again. Trooper Harris followed Carr's vehicle as it exited New Circle Road onto the ramp toward Alumni Drive, where Carr used the left turn signal when executing a right turn. Harris also observed Carr's vehicle almost strike a curb.
Trooper Harris pulled over Carr's vehicle and questioned Carr about his driving. It was lightly raining at the time of the traffic stop, and Carr stated that the windshield of his vehicle was foggy which made it difficult to see the roadway. Trooper Harris observed that the windshield was indeed partially obscured by condensation. Harris would later testify that though he had not noticed anything that would indicate that Carr was impaired, he could not rule out intoxication because of Carr's evasive behavior including withholding eye contact.
Carr and Eaton provided identification to Trooper Harris, who then checked to see if either had any active warrants. After finding none, Harris printed a warning for careless driving ( KRS 1 189.290). Before giving Carr the printed warning, Trooper Harris asked Carr to exit the vehicle and speak with him. Harris testified that he did this to explain the printed warning, and to further investigate Carr's possible impairment. Upon speaking to Carr outside the vehicle, Trooper Harris noticed that Carr's pupils were dilated and that his speech was slurred. Carr failed two field sobriety tests, after which Carr consented to a body search. Trooper Harris found Carr to be in possession of a pill bottle containing three wrapped papers with an off-white substance inside. Harris believed the substance to be heroin.
Harris then arrested Carr, and placed him in the back of his patrol vehicle. Harris returned to Carr's vehicle, and found Eaton to be in the midst of a suspected drug overdose. After EMS was summoned and Eaton was transported to a hospital, Harris searched Carr's vehicle incident to arrest and found another pill bottle with the name of Carr's mother on it. Harris then Mirandized Carr, and Carr gave incriminating statements including admissions that he ingested illegal drugs, had purchased heroin and gave heroin to Eaton.
Carr was charged with various offenses, and the matter proceeded in Fayette Circuit Court. Carr then sought to suppress all evidence obtained after Trooper Harris printed the warning and returned to the driver's window of Carr's vehicle. A suppression hearing was conducted where Carr's counsel argued that he should not have been detained beyond the completion of the purpose of the stop. Counsel argued that there was no reason to detain Carr after the warning was printed, and that the evidence and statements obtained after *366 that point should be suppressed. The motion was denied by way of an Order entered on April 19, 2017, and this appeal followed.
Carr, through counsel, now argues that the Fayette Circuit Court erred in failing to suppress the statements and evidence obtained after Trooper Harris printed the careless driving warning and determined that Carr had no active warrants. Carr maintains that Harris acted unreasonably in asking him to exit the vehicle so Harris could explain and deliver the written warning, and that the physical evidence and statements obtained during this portion of the detention should have been suppressed. Carr also argues that his consent to search his person was not an independent act of free will.
When reviewing a trial court's ruling on a motion to suppress evidence, we defer to the trial court's findings of fact to the extent they are supported by substantial evidence and are not clearly erroneous. Davis v. Commonwealth , 484 S.W.3d 288, 290 (Ky. 2016) (citations omitted). We review the trial court's conclusions of law de novo. Id. In the matter before us, the facts are not in dispute and Carr does not argue that the initial vehicle stop was unwarranted. Our review, then, is limited to a de novo consideration of the trial court's application of the law to the facts.
A valid traffic stop can become unlawful if it is prolonged beyond the time reasonably required to issue a traffic citation. Illinois v. Caballes , 543 U.S. 405, 407, 125 S.Ct. 834, 837, 160 L.Ed.2d 842 (2005). A seizure arising from a traffic stop remains lawful only so long as unrelated inquiries do not measurably extend the duration of the stop. Rodriguez v. United States , 575 U.S. ----, 135 S.Ct. 1609, 1615, 191 L.Ed.2d 492 (2015).[2] "[A]n officer cannot detain a vehicle's occupants beyond completion of the purpose of the initial traffic stop unless something happened during the stop to cause the officer to have a reasonable and articulable suspicion that criminal activity [is] afoot." Davis , 484 S.W.3d at 292 (quoting Turley v. Commonwealth , 399 S.W.3d 412, 421 (Ky. 2013) (citations and internal quotations omitted) ).
The first question for our consideration, then, is whether Trooper Harris detained Carr "beyond completion of the purpose of the initial traffic stop...." Id. We must answer this question in the negative. Trooper Harris stopped Carr's vehicle because it was weaving in the slow lane and twice crossed over the line onto the shoulder of the roadway, after which Carr activated his left turn signal while executing a right turn. The clear purpose of the vehicle stop was to investigate Carr's erratic driving and issue a citation or effect an arrest if warranted. This is evinced by the Uniform Citation issued by Trooper Harris, as well as Harris's subsequent testimony at trial. We conclude that this purpose did not terminate immediately at the point when Trooper Harris printed the warning. Rather, the purpose of the stop-that is, to investigate why Carr was driving erratically-continued while Harris was speaking to Carr and explaining the warning to him after he exited the vehicle.
An unlawfully prolonged detention may be found, for example, when the police conduct a "dog sniff search" of a subject's vehicle after the purpose of the vehicle stop has reached its conclusion. In the *367 recent case of Commonwealth v. Smith , 542 S.W.3d 276 (Ky. 2018), John Smith was suspected of trafficking in cocaine in Franklin County, Kentucky. Since the Sheriff's Department lacked probable cause to detain Smith on this suspicion, a detective stopped Smith's vehicle after Smith allegedly failed to use his turn signal. During the stop, a prearranged drug-sniffing dog was summoned to search for cocaine. A panel of this Court later determined that the canine search was executed after the legitimate purpose of the traffic stop was completed, and that the evidence obtained by the canine search should be suppressed. That conclusion was upheld on appeal to the Kentucky Supreme Court.
The instant facts fundamentally differ from those of Smith . Whereas Smith was improperly detained after the legitimate purpose of the vehicle stop was completed, Carr was found to be exhibiting clear signs of drug intoxication while the legitimate purpose of the stop was being carried out. Trooper Harris observed Carr's pupils to be "pinpoint" with "very wide eyes." Carr failed two field sobriety tests, admitted having used heroin forty-five minutes earlier and having provided heroin to Eaton. Further, Carr consented to a search of his clothing, which produced a bottle containing a substance Harris believed to be heroin. We conclude that Trooper Harris was continuing the purpose of the vehicle stop when he asked Carr to exit the vehicle. Harris stated that he did this to better observe Harris for signs of intoxication, and to explain to him the printed warning. We find no error on this issue.
Carr also briefly argues that his consent to a body search was not freely given, and that the evidence obtained therefrom must be suppressed. This argument is premised on Carr's claim that he would not have consented but for the unlawfully prolonged detention. Having determined that Trooper Harris did not unlawfully prolong the traffic stop, and we find no error on this issue.
For the foregoing reasons, we AFFIRM the Judgment of the Fayette Circuit Court.
ALL CONCUR.

There appears to be no page citation for the United States Reports ("575 U.S. at ----, 135 S.Ct. 1609").